UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EQUAL RIGHTS CENTER<br>11 Dupont Circle NW<br>Suite 400<br>Washington, DC 20036-1226, and<br><br>ROBERT COWARD<br>4136 East Capitol Street, NE<br>Washington DC 20019<br><br>                      Plaintiffs,<br>  v.<br><br>DISTRICT OF COLUMBIA<br>Office of the Mayor of the<br>District of Columbia<br>441 Fourth Street, NW<br>Washington, DC 20001<br><br><br>                      Defendant. | Docket No. _____<br><br><br>Jury Trial Demanded |

## COMPLAINT

## NATURE OF THE CASE

1.  This action is brought to challenge the policy and practice of the District of Columbia of failing to maintain its buildings, in particular its building at 1350 Pennsylvania Avenue, N.W., Washington, D.C. 20004 ("the Wilson Building"), so that they are independently accessible to and usable by people with disabilities, thereby discriminatorily denying these individuals an equal opportunity to participate in and otherwise enjoy the benefits of District of Columbia programs and services.

1

2. Plaintiffs Equal Rights Center and Robert Coward, by their undersigned counsel, allege the following, upon actual knowledge with respect to themselves and their acts and upon information and belief as indicated, against the District of Columbia ("the District" or "DC").

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331 and 1343. This Court has supplemental jurisdiction over Plaintiffs' claims arising under DC law pursuant to 28 U.S.C. § 1367.

4. Venue properly lies before this Court under 28 U.S.C. § 1391(b).

## PARTIES

5. Plaintiff Equal Rights Center is a not-for-profit membership corporation duly organized under the laws of the District of Columbia, with its principal place of business in the District of Columbia. The Equal Rights Center's membership is composed of individuals, many of whom are persons with disabilities as defined by the Americans with Disabilities Act, 42 U.S.C. § 12102(2), the Rehabilitation Act, 29 U.S.C. § 705(20)(B), and the District of Columbia Human Rights Act, D.C. Code § 2-1401.02(5A), who wish to enter and safely exit District of Columbia buildings and facilities, including the Wilson Building.

6. The Equal Rights Center seeks to eliminate discrimination on the basis of disability and to promote equal access to all goods, services, facilities, privileges and advantages of public entities and places of public accommodations. One of the reasons people with disabilities join the Equal Rights Center as members is to further these purposes. The Equal Rights Center pursues these purposes and goals through various means, including research, public education, testing, counseling and conciliation, and litigation. The Equal Rights Center's organizational purpose is adversely affected by Defendants' failure to ensure equal access to its

buildings and facilities; it cannot assure its members that they will be able to participate in and benefit from District government services and programs equally with people without disabilities. Its members also suffer direct and concrete injuries because they are denied the opportunity to participate in and benefit from District government services and programs equally with people without disabilities. The Equal Rights Center has devoted significant resources in attempting to alleviate this problem. Moreover, because the Equal Rights Center employs people with disabilities, its own mission has been adversely affected by the inaccessibility of District buildings such as the Wilson Building, as the Equal Rights Center staff with disabilities are compromised in their ability to access those buildings to fulfill their advocacy and public educational goals.

7. Plaintiff Robert Coward, a natural person and a citizen of the United States, is a resident of Washington, DC and a member of the Equal Rights Center. Mr. Coward uses a wheelchair because of a physical impairment that substantially limits the major life activity of walking. Mr. Coward is a person with a disability as defined by the Americans with Disabilities Act, Rehabilitation Act, and D.C. Human Rights Act.

8. Defendant District of Columbia is a municipal entity organized under the Constitution and laws of the United States of America.

## STATEMENT OF FACTS

The Wilson Building

9. The John A. Wilson Building, generally known simply as the Wilson Building, is a building owned and operated by the government of the District of Columbia, located at 1350 Pennsylvania Avenue, NW. It houses the offices and chambers of the Council of the District of Columbia and the Mayor of Washington, DC. It was built in 1904 - 1908 as the District Building,

which remained its name until 1994, when it was changed to honor John A. Wilson. The Wilson Building occupies a city block bounded by Pennsylvania Avenue NW on the north, D Street NW on the south, 13 ½ Street NW on the east and 14th Street NW on the west. The main entrance to the building is on Pennsylvania Avenue.

10. A major renovation of the building was completed in September, 2001. As a part of that renovation, an accessible entrance was created on the Pennsylvania Avenue side of the building. There is signage to this entrance, indicating that it is the entrance that wheelchair users should use, as the main entrance is elevated and can be accessed only by climbing steps.

11. This "accessible" entrance to the Wilson Building is kept locked. It does not provide the same level of independent entry provided to other members of the public, as in order to enter through the "accessible" entrance, one must ring a doorbell and wait outside until an employee unlocks the entrance.

12. The only other entrance to the Wilson Building which provides a means of access without steps is the D Street entrance, one block south of the main entrance. Immediately inside this entrance, there is a wheelchair lift to take wheelchair users over a flight of interior steps. This lift, however, is kept locked, and is therefore not independently accessible or usable to people with disabilities. Moreover, the exterior path of travel to this entrance is frequently made too narrow for wheelchair access due to the hoods of perpendicularly (front end) parked cars overlapping the sidewalk at points where the sidewalk is already narrowed by the presence of light posts. There is no signage that designates this entrance as an accessible entrance.

13. In addition to the serious access issues at the entry, there are critical interior barriers to access at the Wilson Building. For example, interior doors throughout the Wilson Building are maintained so that they are too heavy for many individuals with disabilities to open.

14. Defendants' conduct excludes Plaintiffs and other persons with disabilities from participating in the District government and District programs and activities with the same opportunity as people without disabilities.

15. For example, Plaintiff Robert Coward, as the president of DC ADAPT, a major advocacy organization for people with disabilities in the District, often has need to testify at the Wilson Building and otherwise advocate there for the rights of people with disabilities. He has at times been greatly inconvenienced by the locked accessible door, as he has been forced to wait for long periods of time in the elements for a staff person to respond to the bell and unlock the door. He has also been unable to navigate the halls of the Wilson Building independently due to the overly heavy interior doors.

16. In addition, the Equal Rights Center often has need to send staff to testify at the Wilson Building and otherwise advocate there for the rights of people with disabilities. Kathleen Walsh, Disability Rights Program Manager for the Equal Rights Center, has a mobility impairment. She has at times been greatly inconvenienced by the locked accessible door, as she has been forced to wait outside for a staff person to respond to the bell and unlock the door. She has also had difficulty navigating the halls of the Wilson Building independently due to the overly heavy interior doors.

<u>Other Buildings Owned or Operated by the District of Columbia</u>

17. On information and belief, there are barriers throughout other buildings owned and operated by the District of Columbia that prevent these buildings from being independently accessible to and usable by persons with disabilities, thereby discriminatorily denying people with disabilities an equal opportunity to participate in and otherwise enjoy the benefits of District of Columbia programs and services.

Emergency Evacuation for People with Disabilities

18. On information and belief, there is a failure throughout buildings owned or operated by the District of Columbia to develop emergency evacuation policies, procedures and practices that are accessible to and usable by people with disabilities.

19. This is particularly evident at the Wilson Building. As difficult as it is to enter the Wilson Building for a person with mobility impairments, it is equally difficult to find an accessible means of exiting the building. There is a pervasive lack of signage indicating accessible exits. Moreover, staff is not trained as to the location of accessible exits. When asked, staff at the Wilson Building were unable to direct Kathleen Walsh to an accessible exit.

20. The lack of accessible emergency evacuation policies, practices and procedures has been identified in other District buildings as well. For example, on September 12, 2006, Robert Coward attended a Consumer Directed Personal Care Subcommittee meeting at the District of Columbia Medical Assistance Administration's offices at 825 North Capitol Street, N.E., Washington DC. The meeting was on the fourth floor. During the meeting, an emergency alarm sounded requiring emergency evacuation of the building. As the elevators were deactivated due to the alarm, Mr. Coward had no means of exiting the building. No signage indicating the location of areas of rescue assistance or accessible exits was provided, and staff at the building were untrained and unable to give directions to Mr. Coward. Mr. Coward was forced to remain in the fourth floor meeting room for the duration of the emergency evacuation.

21. The lack of signage and training as to the location of accessible exits presents a serious danger to people with disabilities during emergency evacuations of buildings owned or operated by the District of Columbia, and indicates a failure to develop emergency evacuation policies, procedures and practices that are accessible to and usable by people with disabilities.

Equal Rights Center Surveys and Advocacy

22.     Upon receiving complaints regarding the difficulty of accessing the Wilson Building, the Equal Rights Center surveyed the building for barriers to entry and for interior barriers.

23.     In conducting these surveys, Equal Rights Center relied on the standards articulated in the Americans with Disabilities Act Standards for Accessible Design ("the Standards"), which specify standards for, *inter alia*, accessible entrances, accessible routes, space allowances and reach ranges, and controls and operating mechanisms to make facilities accessible to and usable by persons with disabilities. 28 C.F.R. Part 36, Appendix A.

24.     The Equal Rights Center's surveys confirmed that barriers which violate the Standards exist at the entries of the building, in that the designated accessible entrance is kept locked, the path of travel to the alternate accessible entrance is not maintained in an accessible manner due to the presence of parked cars, and the interior lift at the alternate accessible entrance is not independently usable by persons with disabilities. In addition, the Equal Rights Center identified other accessibility barriers, including barriers to accessible emergency evacuation and interior doors that are overly heavy, both of which violate the Standards.

25.     Following these surveys, the Equal Rights Center, by and through counsel, wrote to the District of Columbia in August, 2006, requesting information on barrier removal plans for the Wilson Building, and demanding an immediate response. The Equal Rights Center received a response in October, and a meeting was set for October 26, 2006 to discuss this issue.

26.     On October 26, 2006, Kathleen Walsh of the Equal Rights Center attended a meeting with representatives from the Office of Risk Management and other District agencies. At this meeting, Ms. Walsh received assurances that major remediation was planned for all

District buildings to make them more accessible. She was in particular assured that the Wilson Building's accessible entrance would be staffed and kept unlocked the following day, October 27, 2006, when hearings on the Disability Rights Protection Act were to be held. The Equal Rights Center was to be contacted within the next week or two regarding permanent solutions to the Wilson Building and other issues.

27. On October 27, 2006, Kathleen Walsh arrived at the Wilson Building at approximately noon to attend the hearings. The accessible entrance was still locked, and she had to ring the doorbell twice in order to be admitted.

28. Neither the Equal Rights Center nor its attorneys have heard again from any of the meeting attendees who were to follow up with them in the following weeks. The accessible entrance at the Wilson Building is still locked during business hours.

29. On December 7, 2006, the Equal Rights Center, by and through its attorneys, wrote a letter to Council Chair (Elect) Vincent Gray, copying District employees who were present at the October 26, 2006 meeting. In this letter, the Equal Rights Center demanded a response regarding the locked accessible entrances of District buildings within two weeks. No response has been issued.

30. The Equal Rights Center and its members do not find it acceptable that they must ask permission and wait to enter the seat of the District government and other important governmental buildings, while others freely enter these sites.

31. It was feasible, and continues to be feasible, to promulgate policies and practices to ensure that the entrance to the Wilson Building is accessible to and usable by persons with disabilities by keeping this building's accessible entrance unlocked during normal business hours, and to correct other barriers to access at the Wilson Building.

## CAUSES OF ACTION

### COUNT I
### Violation of the Americans with Disabilities Act,
### 42 U.S.C. § 12132 *et seq.*, 28 C.F.R. § 35.130 *et seq.*,

32. Plaintiffs adopt and incorporate each and every allegation in this complaint as if set forth fully herein.

33. Defendant District of Columbia is a "public entity" within the meaning of Title II of the Americans with Disabilities Act.

34. Defendant has, since the effective date of the Americans with Disabilities Act, maintained its buildings and facilities, including the Wilson Building, in a manner that is not readily accessible to or usable by persons with disabilities.

35. Defendant's policies, practices and procedures of keeping the accessible entrance and the wheelchair lift of this building locked violate the Americans with Disabilities Act, 42 U.S.C. §12132, by excluding people with disabilities from participation in and denying them the same opportunity as non-disabled persons to the benefits of the District of Columbia government because of their disability.

36. Defendant's emergency evacuation policies, practices and procedures, in that they are not accessible to or usable by people with disabilities, violate the Americans with Disabilities Act, 42 U.S.C. §12132, by excluding people with disabilities from participation in and denying them the same opportunity as non-disabled persons to the benefits of the District of Columbia government because of their disability.

37. Defendant is in violation of Title II of the Americans with Disability Act and its Regulations, because it has on the basis of disability:

   (i) Denied qualified individuals with disabilities the opportunity to participate in or benefit from the District government and its programs and services;

9

(ii) Afforded qualified individuals with disabilities an opportunity to participate in or benefit from the District government and its programs and services that is not equal to that afforded others;

(iii) Provided qualified individuals with disabilities with an aid, benefit, or service that is not as effective in affording equal opportunity to obtain the same result, to gain the same benefit, or to reach the same level of achievement as that provided to others;

(iv) Otherwise limited qualified individuals with a disability in the enjoyment of the rights, privileges, advantages, or opportunities afforded by the District government and its programs and services equal to those enjoyed by others,

in violation of 28 C.F.R. §§ 35.130(b)(1).

38. Defendant is in further violation of Title II of the Americans with Disability Act and its Regulations, because it has utilized criteria or methods of administration:

(i) That have the effect of subjecting qualified individuals with disabilities to discrimination on the basis of disability; and

(ii) That have the purpose or effect of defeating or substantially impairing accomplishment of the objectives of the public entity's program with respect to individuals with disabilities

in violation of 28 C.F.R. §§ 35.130(b)(3).

39. Defendant is in further violation of Title II of the Americans with Disability Act and its Regulations, because it has administered District buildings and facilities in a manner that subjects qualified individuals with disabilities to discrimination on the basis of disability, in violation of 28 C.F.R. §35.130(b)(6).

40. Defendant is in further violation of Title II of the Americans with Disability Act and its Regulations, because it has failed, to the maximum extent feasible, to alter its buildings in such manner that the altered portion of the facility is readily accessible to and usable by individuals with disabilities, in violation of 28 C.F.R. §35.151 (b).

41. Defendant is in further violation of Title II of the Americans with Disability Act and its Regulations, because since the effective date of the Act it has failed to design and construct its buildings so that they are readily accessible to and usable by persons with disabilities, in violation of 28 C.F.R. §35.151 (a).

42. Defendant is in further violation of Title II of the Americans with Disability Act and its Regulations, because it has failed to maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities, in violation of 28 C.F.R. §35.133.

43. These action and inactions constitute violations of the Americans with Disabilities Act.

## COUNT II
### Violation of the Rehabilitation Act,
### 29 U.S.C. § 794 *et seq.*, 28 C.F.R. § 41.51 *et seq.*, 49 C.F.R. Pt. 27 *et seq.*,

44. Plaintiffs adopt and incorporate each and every allegation in this complaint as if set forth fully herein.

45. Defendant District of Columbia receives federal financial assistance from the United States and various federal agencies.

46. Defendant has, since the effective date of Section 504 of the Rehabilitation Act, failed to ensure that its programs and activities, in particular the Wilson Building, are readily accessible to or usable by persons with disabilities, in violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 *et seq.* (Section 504), and its implementing regulations.

47. Defendant's policies and practices of locking the accessible entrance and the wheelchair lift of the Wilson Building subject qualified persons with disabilities to discrimination and exclude them from participation in, and deny them the benefits of, the

services and activities of the District government and its programs and services, in violation of Section 504 and its implementing regulations.

48. Defendant's emergency evacuation policies, practices and procedures, in that they are not accessible to or usable by people with disabilities, subject qualified persons with disabilities to discrimination and exclude them from participation in, and deny them the benefits of, the services and activities of the District government and its programs and services, in violation of Section 504 and its implementing regulations.

49. Defendant's failure to ensure that each facility or part of a facility which has been altered since the effective date of Section 504 was, to the maximum extent feasible, altered in such manner that the altered portion of the facility is readily accessible to and usable by persons with disabilities, subjects qualified persons with disabilities to discrimination and excludes them from participation in, and denies them the benefits of, the services and activities of the District government and its programs and services, in violation of Section 504 and its implementing regulations at 45 C.F.R. § 84.23(b).

50. Defendant's failure to ensure that each facility or part of a facility which was constructed by or for Defendant since the effective date of Section 504 was designed and constructed in such a manner that the facility or part of the facility is readily accessible to and usable by persons with disabilities, subjects qualified persons with disabilities to discrimination and excludes them from participation in, and denies them the benefits of, the services and activities of the District government and its programs and services, in violation of Section 504 and its implementing regulations at 45 C.F.R. § 84.23(a).

51. These actions and inactions constitute violations of Section 504 of the Rehabilitation Act and its implementing Regulations.

## COUNT III
**Violation of the D.C. Human Rights Act, D.C. Code § 2-1401.01 *et seq.*,**

52. Plaintiffs adopt and incorporate each and every allegation in this complaint as if set forth fully herein.

53. Defendant has, since the effective dates of Section 504 and the Americans with Disabilities Act, failed to ensure that its programs and activities, in particular the Wilson Building, are readily accessible to or usable by persons with disabilities.

54. Defendant's policies and practices of locking the accessible entrance and the wheelchair lift of the Wilson Building subject qualified persons with disabilities to discrimination and limit their ability to utilize a facility, service, program, or benefit of the District of Columbia government.

55. Defendant's emergency evacuation policies, practices and procedures, in that they are not accessible to or usable by people with disabilities, constitute a limitation or refusal to provide a facility, service, program, or benefit of the District of Columbia to qualified persons with disabilities.

56. Defendant's failure to design, construct, and alter its facilities so that they are accessible to and usable by people with disabilities, constitutes a limitation or refusal to provide a facility, service, program, or benefit of the District of Columbia to qualified persons with disabilities.

57. These actions and inactions constitute violations of the D.C. Human Rights Act.

## DEMAND FOR JUDGMENT

WHEREFORE, Plaintiffs pray for the following relief:

(a) A judgment declaring, pursuant to 28 U.S.C. § 2201, that Defendant's conduct as alleged herein is in violation of the laws and regulations of the United States and of the laws and regulations of the District of Columbia;

(b) An injunction and/or writ, pursuant to 28 U.S.C. § 1651 and other grants of equitable authority, that Defendant immediately and permanently cease and refrain from locking the accessible entrance to the Wilson Building, and remove other barriers to access to and throughout this building;

(c) An injunction and/or writ, pursuant to 28 U.S.C. § 1651 and other grants of equitable authority, that Defendant immediately and permanently remove barriers to access to and throughout buildings owned or operated by the District of Columbia;

(d) An injunction and/or writ, pursuant to 28 U.S.C. § 1651 and other grants of equitable authority, that Defendant immediately develop emergency evacuation policies, procedures and practices that are accessible to and usable by people with disabilities

(e) An award of money damages to the Plaintiffs in an amount to be proven at trial for injuries caused by the unlawful conduct of the Defendant, including economic injuries, and physical, mental, and emotional injuries, as well as the expenditure of resources by the organizational plaintiffs due to the frustration of their missions;

(f) An award of reasonable attorneys' fees, costs, and other expenditures resulting from bringing this action, pursuant to 42 U.S.C. § 12205, 29 U.S.C. § 794a(b), 42 U.S.C. § 1988, and D.C. Code § 2-1403.16;

(g) An award of pre-judgment and post-judgment interest; and

(h) Such other relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs request a trial by jury on all counts.

Respectfully submitted,

E. Elaine Gardner
Bar Identification No. 271262
Washington Lawyers' Committee for Civil Rights
 and Urban Affairs
11 Dupont Circle, NW  Suite 400
Washington, DC 20036
(202) 319-1000 ext. 131
(202) 319-1010 facsimile


_____
Daniel B. Silver
Bar Identification No. 122879
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2000 Pennsylvania Avenue, NW
Washington, DC  20006-1801
202-974-1500


*Counsel for Plaintiffs*

Dated:  January 31, 2007

## CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

### I (a) PLAINTIFFS

Equal Rights Center
Robert Coward

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  11001
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

E. Elaine Gardner
Washington Lawyers' Committee for Civil Rights and Urban Affairs
11 Dupont Circle, NW, Suite 400 Washington, DC 20036
(202) 319-1000 ext 131

Daniel B. Silver
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2000 Pennsylvania Avenue, NW Washington, DC 20006-1801
(202) 974-1500

### DEFENDANTS

District of Columbia

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  11001
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

ATTORNEYS (IF KNOWN)

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
● 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

### III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

### IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**
☐ 410 Antitrust

○ **B. Personal Injury/Malpractice**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**    OR    ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

|  ○ G. *Habeas Corpus/ 2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ○ H. *Employment Discrimination*<br><br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ○ I. *FOIA/PRIVACY ACT*<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ○ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ○ K. *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ● L. *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☒ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ○ M. *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ○ N. *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

## V. ORIGIN

● 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Americans with Disabilities Act, 42 U S C § 12132 et seq  Violation of act by denying access on the basis of disability

| VII. REQUESTED IN COMPLAINT | CHECK IF THIS IS A CLASS ACTION UNDER F R C P  23 ☐ | DEMAND $ Yes - TBD<br>JURY DEMAND: | Check YES only if demanded in complaint<br>YES ☒   NO ☐ |
|---|---|---|---|
| VIII. RELATED CASE(S) IF ANY | (See instruction)  YES ☐   NO ☒ | If yes, please complete related case form | |
| DATE January 31, 2007 | SIGNATURE OF ATTORNEY OF RECORD | *Daniel B. [signature]* | |

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet  Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed  Listed below are tips for completing the civil cover sheet  These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence  Use 11001 to indicate plaintiff is resident of Washington, D C , 88888 if plaintiff is resident of the United States but not of Washington, D C , and 99999 if plaintiff is outside the United States

III.  CITIZENSHIP OF PRINCIPAL PARTIES  This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II

IV   CASE ASSIGNMENT AND NATURE OF SUIT  The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint  You may select only one category  You must also select one corresponding nature of suit found under the category of case

VI.  CAUSE OF ACTION  Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause

VIII. RELATED CASES, IF ANY  If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form