UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EQUAL RIGHTS CENTER, et al. )<br>)<br>Plaintiffs, )<br>v. )<br>)<br>DISTRICT OF COLUMBIA )<br>)<br>Defendant ) | Civil Action No. 07-0221 (RMC) |

**DEFENDANT DISTRICT OF COLUMBIA'S
ANSWER TO COMPLAINT**

Pursuant to Fed.R.Civ.P. 7(a), 8(b), and 12(a) and (b), Defendant, the District of Columbia (hereinafter "the District" or "Defendant"), by and through undersigned counsel, respectfully answers the Complaint in the above-captioned case.

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Except as hereinafter expressly admitted, qualified, or otherwise admitted, defendant specifically denies each and every allegation, statement, matter and thing contained in the complaint. Defendant responds to the numbered allegations in the complaint on knowledge to itself and on information and belief as to other matters, as follows:

1.      Defendant admits that Plaintiffs characterize this as an action to challenge a policy or practice that the Plaintiffs allege is discriminatory to people with disabilities because the building is not independently accessible. No further response is required to the allegations in paragraph 1

of the complaint, which are the plaintiffs' characterizations of their claims. To the extent a further response is necessary, Defendant denies said allegations.

2. Defendant admits that the Plaintiffs make certain allegations against the Defendant in support of their claim. Defendant is without knowledge or information sufficient to form a belief as to the truth or characterization of Plaintiffs' allegations regarding their knowledge, information or belief and therefore, denies these allegations and characterizations. If these allegations are material, strict proof is demanded at time of trial.

## JURISDICTION AND VENUE

3. Defendant admits the statutory references cited in paragraph 3 of the complaint, but denies that these references necessarily confer jurisdiction on this Court in this matter.

4. Defendant admits the statutory references cited in paragraph 4 of the complaint, but denies that venue is necessarily proper in this Court.

## PARTIES

5. Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 5 of the complaint.

6. Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 6 of the complaint.

7. Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 7 of the complaint.

8. Admitted.

## RESPONSES TO PLAINTIFFS' FACTUAL ALLEGATIONS

9. Admitted.

10.     Defendant admits that major renovations were completed prior to 2003, and that an accessible entrance was created on the Pennsylvania Avenue side of the building for handicap employee access (hereinafter "employee ramp entrance"). Defendant further admits that there is signage to this entrance indicating wheelchair access at this entrance and that there is a ramp for wheelchair accessibility. Defendant admits that the main entrance to the building on the Pennsylvania Avenue side of the building is elevated, but avers that there is an accessible entrance on the "D" Street side of the building.

11.     Defendant admits that the employee ramp entrance is kept locked for security reasons, but that employees have access through use of their security key card. Defendant further admits that if a non-employee attempts to use this entrance a security officer must unlock the entrance. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations referred to in this paragraph 11, and therefore denies same. To the extent a further answer is required and these allegations are material, Defendant denies such allegations and demands strict proof at trial.

12.     Defendant admits that the D Street entrance provides a means of access and does not require a person to climb steps for ingress or egress. Defendant further admits that there is a wheelchair lift to take wheelchair users over a flight of interior stairs. Defendant specifically denies that the lift is locked or kept locked. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations referred to in this paragraph 12, and therefore denies same. To the extent a further answer is required and these allegations are material, Defendant denies such allegations and demands strict proof at trial.

13.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations referred to in this paragraph 13, and therefore denies same. To the

extent a further answer is required and these allegations are material, Defendant denies such allegations and demands strict proof at trial.

14. Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 14 of the complaint. To the extent a further answer is required and these allegations are material, Defendant denies such allegations and demands strict proof at trial.

15. Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 15 of the complaint.

16. Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 16 of the complaint.

**Responses to Plaintiffs' Factual Allegations Regarding Other Buildings Owned or Operated by the District of Columbia**

17. Defendant denies that it discriminates against people with disabilities by maintaining barriers throughout other buildings owned or operated by the District. If these allegations are material, strict proof is demanded at time of trial. To the extent a further answer is required, Defendant denies such allegations.

**Responses to Plaintiffs' Factual Allegations Regarding Emergency Evacuation for People with Disabilities**

18. Defendant denies that it has failed to develop emergency evacuation policies, procedures or practices with respect to accessibility of its buildings by people with disabilities.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations referred to in this paragraph 19, regarding the difficulty of finding an accessible means of entering or exiting the Wilson building, and therefore denies same. To the

extent a further answer is required, Defendant denies such allegations and to the extent such allegations are material, demands strict proof at trial.

20. Defendant denies that it has failed to develop emergency evacuation polices, procedures or practices in its buildings. Further, Defendant denies the allegations that plaintiff, Robert Coward (Coward), alleges by example concerning an incident that allegedly took place on September 12, 2006.

21. Defendant denies that it has failed to develop emergency evacuation policies, procedures, or practices for people with disabilities. If these allegations are material, strict proof is demanded at time of trial. To the extent a further answer is required, Defendant denies such allegations.

### Responses to Plaintiffs' Factual Allegations Regarding Equal Rights Center Surveys and Advocacy

22. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations referred to in this paragraph 22, and therefore denies same. To the extent a further answer is required and these allegations are material, Defendant denies such allegations and demands strict proof at trial.

23. Defendant admits that there is guidance articulated in the Americans with Disabilities Act Standards for Accessible Design (ADAAG); however, the Defendant denies any characterization by Plaintiffs that ADAAG is legally enforceable in all respects. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations regarding Plaintiffs' reliance on ADAAG referred to in this paragraph 23, and therefore denies same. To the extent a further answer is required, Defendant denies such allegations and, to the extent such allegations are material, demands strict proof at trial.

24.	Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the survey data collected by Plaintiff referred to in this paragraph 24, and therefore denies same. Defendant admits that there is guidance articulated in the Americans with Disabilities Act Standards for Accessible Design (ADAAG); however, the Defendant denies any characterization by Plaintiffs that ADAAG is legally enforceable in all respects and denies that there are barriers that violate applicable law.

25.	Admitted.

26.	Defendant admits that on October 26, 2006, Kathleen Walsh of the Equal Rights Center attended a meeting with representatives from the Office of Risk Management and other District agencies, and that the discussion included assurances that major remediation was planned for District buildings to make them more accessible. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations referred to in this paragraph 26, and therefore denies same. To the extent a further answer is required, and the allegations are material, Defendant denies such allegations and demands strict proof at trial.

27.	Defendant admits that the designated accessible entrance is for employees with disabilities, is accessible with the use of their security key card, and is keep locked for security reasons. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations referred to in this paragraph 27, and therefore denies same. To the extent a further answer is required, and such allegations are material, Defendant denies such allegations and demands strict proof at trial.

28.	Defendant admits that the designated accessible entrance is for employees with disabilities, is accessible with the use of their security key card, and is keep locked for security reasons. Defendant is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations referred to in this paragraph 28, and therefore denies same. To the extent a further answer is required, and such allegations are material, Defendant denies such allegations and demands strict proof at trial.

29. Admitted.

30. Defendant denies that the Equal Rights Center and its members must ask permission or wait to enter the seat of the District government since at all times the D Street entrance is accessible. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations referred to in this paragraph 29, and therefore denies same. To the extent a further answer is required and the allegations are material, Defendant denies such allegations and demands strict proof at trial.

**31.** Defendant admits that the designated accessible entrance is for employees with disabilities, is accessible with the use of their security key card, and is keep locked for security reasons. Defendant denies that the Wilson building is not accessible to persons with disabilities. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations referred to in this paragraph 31, and therefore denies same.

## RESPONSES TO CAUSES OF ACTION

### Responses to Count I

32. Defendant repeats its responses to the allegations of paragraphs 1 through 31 as if set forth at length herein.

33. Admitted.

34. Defendant denies that it has maintained its buildings or facilities in a manner that is not readily accessible to or usable by persons with disabilities. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations referred to in

this paragraph 34, and therefore denies same. This paragraph states a conclusion of law to which no response is required.

35.     Defendant admits that the designated accessible entrance is for employees with disabilities, is accessible with the use of their security key card, and is keep locked for security reasons. Defendant further admits that the D Street entrance to the Wilson Building is accessible by persons with handicaps 24- hours per day. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations referred to in this paragraph 35, and therefore denies same. This paragraph states a conclusion of law to which no response is required.

36.     Paragraph 36 of the complaint states a conclusion of law to which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations in paragraph 36 of the complaint.

37.     Paragraph 37 of the complaint states a conclusion of law to which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations in paragraph 37 of the complaint.

38.     Paragraph 38 of the complaint states a conclusion of law to which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations in paragraph 38 of the complaint.

39.     Paragraph 39 of the complaint states a conclusion of law to which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations in paragraph 39 of the complaint.

40. Paragraph 40 of the complaint states a conclusion of law to which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations in paragraph 40 of the complaint.

41. Paragraph 41 of the complaint states a conclusion of law to which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations in paragraph 41 of the complaint.

42. Paragraph 42 of the complaint states a conclusion of law to which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations in paragraph 42 of the complaint.

43. Paragraph 43 of the complaint states a conclusion of law to which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations in paragraph 43 of the complaint.

### Responses to Count II

44. Defendant repeats its responses to the allegations of paragraphs 1 through 31 and 33 through 43 as if set forth at length herein.

45. Admitted.

46. Paragraph 46 of the complaint states a conclusion of law to which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations in paragraph 46 of the complaint.

47. Paragraph 47 of the complaint states a conclusion of law to which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations in paragraph 47 of the complaint.

48. Paragraph 48 of the complaint states a conclusion of law to which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations in paragraph 48 of the complaint.

49. Paragraph 49 of the complaint states a conclusion of law to which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations in paragraph 49 of the complaint.

50. Paragraph 50 of the complaint states a conclusion of law to which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations in paragraph 50 of the complaint.

51. Paragraph 51 of the complaint states a conclusion of law to which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations in paragraph 51 of the complaint.

## Responses to Count III

52. Defendant repeats its responses to the allegations of paragraphs 1 through 31, and 33 through 43, and 45 through 51 as if set forth at length herein.

53. Paragraph 53 of the complaint states a conclusion of law to which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations in paragraph 53 of the complaint.

54. Defendant admits that the designated accessible entrance is for employees with disabilities, is accessible with the use of their security key card, and is keep locked for security reasons. Defendant further admits that the D Street entrance to the Wilson Building is accessible by persons with handicaps 24- hours per day. Defendant denies plaintiffs' characterization that its policies or practices subject qualified persons with disabilities to

discrimination, and if said allegations are material, demand strict proof at the time of trial. Paragraph 54 of the complaint states a conclusion of law to which no response is required.

55.     Defendant denies plaintiffs' characterization that Defendant's policies or practices constitute a limitation or refusal to provide facilities, services, programs, or benefits of the District of Columbia to qualified persons with disabilities, and if said allegations are material, demand strict proof at the time of trial. Paragraph 55 of the complaint states a conclusion of law to which no response is required.

56.     Defendant denies plaintiffs' characterization that Defendant failed to design, construct or alter its facilities so that they are accessible to and usable by people with disabilities, and if said allegations are material, demand strict proof at the time of trial. Paragraph 56 of the complaint states a conclusion of law to which no response is required.

57.     Paragraph 57 of the complaint states a conclusion of law to which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations in paragraph 57 of the complaint.

## RESPONSES TO PLAINTIFFS' DEMAND FOR JUDGMENT

No response is required to the remainder of the complaint, which sets forth Plaintiffs' prayer for relief. To the extent that a response is required, the Defendant denies the remaining allegations in the complaint.

## THIRD DEFENSE

All allegations not specifically admitted are denied.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses based upon its current knowledge and information.

1. This Court lacks subject-matter jurisdiction over the complaint.

2. Plaintiffs' claims for injunctive relief are barred by the doctrine of mootness.

3. Defendants were not deliberately indifferent to the Plaintiffs.

4. Plaintiffs' claims are barred by sovereign, absolute, and/or qualified immunity.

5. Plaintiffs have failed to mitigate their damages, if any.

6. Plaintiffs' claims are barred by the doctrine of *laches*.

7. Defendants, at all relevant times herein, acted consistently with relevant and applicable laws, rules, regulations, constitutional provisions, and standards of care.

8. Defendants reserve the right to assert any and all defenses which are supported by the facts learned through discovery or at trial herein.

9. The actions of the defendants and all employees, officials, servants, and agents of the District of Columbia were, at all times relevant to this action, reasonable, in good faith, and in full compliance with the law.

10. To the extent plaintiffs seeks an award of unliquidated damages against the District of Columbia under local law, such award is barred for failure to meet the requirements of D.C. Code § 12-309.

11. The complaint and all counts thereof are barred by *collateral estoppel*, *res judicata*, waiver, and/or the applicable statute of limitations.

12. The local law claims are barred by the District of Columbia's discretionary function immunity.

13. Plaintiffs have failed to plead facts sufficient to support the exercise of the Court's equitable jurisdiction.

14. Defendant states that it asserts these affirmative defenses based upon information presently available and in order to avoid waiver. Defendant reserves the right to withdraw any of these affirmative defenses or to assert additional affirmative defenses as further information becomes available.

**WHEREFORE**, Defendant prays for a judgment dismissing the complaint with prejudice and awarding it the costs and disbursements of this action, together with attorneys' fees, and such additional relief as this court may deem just and proper.

    Respectfully submitted,

    LINDA SINGER
    Acting Attorney General for the District of Columbia

    GEORGE C. VALENTINE
    Deputy Attorney General, Civil Litigation Division

    /s/ Ellen A. Efros
    ELLEN A. EFROS
    Chief, Equity I

    /s/ Denise J. Baker
    DENISE J. BAKER
    Assistant Attorney General
    441 Fourth Street, N.W., Suite 6S079
    Washington, D.C. 20001
    (202) 442-9887 (telephone)
    (202) 727-3625 (fax)