UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| EQUAL RIGHTS CENTER, et al.,<br><br>　　　　　Plaintiffs,<br>　　v.<br>DISTRICT OF COLUMBIA,<br><br>　　　　　Defendant | CASE NO. 1:07-cv-00221 (RMC) |

**JOINT REPORT UNDER LOCAL RULE 16.3(d)**

Pursuant to Local Rule 16.3, the parties conferred on April 20, 2007. The relevant text of each sub-part of the rule appears below (in bold) followed by a description of any agreements reached regarding that sub-part and/or the position of each party regarding matters as to which they disagree.

**16.3(1):  Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.**

Defendant believes the case could potentially be disposed of based on a motion for summary judgment, but has not yet determined whether to bring such a motion. Plaintiffs do not believe that any legal ground exists on which the entire case could be disposed of by dispositive motion. Plaintiffs do not intend to file any dispositive motions.

**16.3(2):  The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

The parties agree that no other parties need to be joined to the case. The parties also agree that some or all of the factual issues probably can be agreed upon or narrowed, and they

are open to engaging in alternative dispute resolution ("ADR"), as described below, to that end. The parties have not yet been able to form a view as to whether any legal issues in the case can be agreed upon or narrowed.

**16.3(3): Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

The parties agree that the case should not be assigned to a magistrate judge pending resolution of the ADR process.

**16.3(4): Whether there is a realistic possibility of settling the case.**

The parties agree that there is a realistic possibility of settling the case.

**16.3(5): Whether the case could benefit form the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients. In assessing the above, counsel shall consider:**

> **(i)   the client's goals in bringing or defending the litigation; (ii) whether settlement talks have already occurred and, if so, why they did not produce and agreement; (iii) the point during the litigation when ADR would be most appropriate, with special consideration given to: (aa) whether ADR should take place after the informal exchange or production through discovery of specific items of information; and (bb) whether ADR should take place before or after the judicial resolution of key legal issues; (iv) whether the parties would benefit from a neutral evaluation of their case, which could include suggestions regarding the focus of discovery, the legal merits of the claim, an assessment of damages and/or the potential settlement value of the case; and (v) whether cost savings or any other practical advantages would flow from a stay of discovery or of other pre-trial proceedings while an ADR process is pending.**

The parties agree in principle that the case could benefit from ADR, prior to the commencement of discovery and without the need for prior judicial resolution of key legal issues, but based upon an informal exchange of relevant documents and information. The parties also agree that all formal proceedings in the case should be stayed for an appropriate period to allow ADR and informal exchanges of information to proceed. The prospects of success of ADR

in this case would be greatly enhanced if the services were available of a mediator with experience in the legal and factual issues relevant to the case. In this regard, they note that, if available, Cornish Hitchcock of the McTigue Law Firm at 5301 Wisconsin Avenue, NW, Washington, DC 20015, would be an appropriate person for this role. Mr. Hitchcock previously has mediated a case between the defendant and the organizational plaintiff in the present case involving similar legal and factual issues, in the course of which Mr. Hitchcock has become familiar with many aspects of DC government procedure that would be relevant to settlement of the present case. Plaintiffs' position is that all proceedings in the case should be stayed for a period of seventy-five (75) days to allow settlement discussion and ADR to proceed. As the stay approaches its end, if plaintiffs believe that satisfactory progress is being made towards resolution of the case, plaintiffs will join in a motion to extend the stay for an appropriate further period.

**16.3(6): Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision of the motions.**

Please see the response to 16.3(1), above. The parties agree that there is no need to establish dates regarding such a motion pending resolution of the ADR process.

**16.3(7): Whether the parties should stipulate to dispense with the initial disclosures required by Rule 16(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

The parties agree that the case, including the initial disclosures required by Rule 16(a)(1), F.R.Civ.P., should be stayed for a period of 75 days from the date of the attached proposed order, subject to extension by the Court upon a joint motion by the parties, pending resolution of the ADR process described above.

**16.3(8): The anticipated extent to discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date**

3

**for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

      Please see the response to 16.3(7), above.

      **16.3(9): Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2),F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.**

      Please see the response to 16.3(7), above.

      **16.3(10): In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and proposed date for decision.**

      Not applicable.

      **16.3(11): Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

      The parties agree that neither discovery nor trial of the case should be bifurcated.

      **16.3(12): The date for the pretrial conference (understanding that a trial will take place 30 or 60 days thereafter).**

      Please see the response to 16.3(7), above.

      **16.3(13): Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

      Please see the response to 16.3(7), above.

      **16.3(14): Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

      None.

Respectfully submitted,

| | |
|---|---|
| Linda Singer<br>Attorney General for the District of Columbia<br><br>George C. Valentine<br>Deputy Attorney General<br>Civil Litigation Division<br><br>Ellen Efros [250746]<br>Chief, Equity Section I<br><br> /s/ Denise J. Baker  <br>Denise J. Baker<br>D.C. Bar No. 493414<br>Assistant Attorney General<br>441 4th Street, Northwest, 6th Floor South<br>Washington, D.C. 20001<br>202-442-9887 (Telephone)<br>202-727-0431 (Facsimile)<br><br>*Attorneys for the Defendants* | E. Elaine Gardner<br>Bar Identification No. 271262<br>Washington Lawyers' Committee for Civil Rights<br>  and Urban Affairs<br>11 Dupont Circle, NW  Suite 400<br>Washington, DC 20036<br>(202) 319-1000 ext. 131<br>(202) 319-1010 facsimile<br><br> /s/ Daniel B. Silver / S.C.  <br>Daniel B. Silver<br>Bar Identification No. 122879<br>CLEARY GOTTLIEB STEEN & HAMILTON LLP<br>2000 Pennsylvania Avenue, NW<br>Washington, DC  20006-1801<br>202-974-1500<br><br>*Attorneys for the Plaintiffs* |

Dated:  May 02, 2007

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EQUAL RIGHTS CENTER, et al. ) | CASE NO. 1:07-cv-00221 (RMC) |
| Plaintiffs, ) | |
| v. ) | |
| DISTRICT OF COLUMBIA, ) | |
| Defendant ) | |

## JOINT PROPOSED ORDER TO STAY PROCEEDINGS
## PENDING ALTERNATIVE DISPUTE RESOLUTION

Upon consideration of the parties' Joint Rule 16.3 Report, it is hereby ORDERED as follows:

Upon consideration of the parties' request to stay proceedings and pursue alternative dispute resolution ("ADR") it is, this _____ day of May 2007.

**ORDERED** that the parties' request to stay proceedings be, and hereby is, **GRANTED**; and it is

**FURTHER ORDERED** that all proceedings in this matter are stayed for seventy-five (75) days from the date of this Order to allow the parties to pursue ADR; and it is

**FURTHER ORDERED**, that this stay may extended upon a joint motion by the parties to continue pursuing ADR; and it is

**FURTHER ORDERED** that the case is hereby referred to the following mediator in the Court's Mediation Program: _____.

Rosemary M. Collyer
United States District Court

**List of Persons to Be Notified (LCvR 7(k))**

Daniel B. Silver
Cleary Gottlieb Steen & Hamilton LLP
2000 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Email: dsilver@cgsh.com

E. Elaine Gardner
Washington Lawyers' Committee for Civil Rights
and Urban Affairs
11 Dupont Circle, N.W. Suite 400
Washington, D.C. 20036
Email: elaine_gardner@washlaw.org

Denise J. Baker
Office of the Attorney General for the
District of Columbia
441 4th Street, N.W., 6th Floor South
Washington, D.C. 20001
Email: denise.baker@dc.gov