**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                                    )
EQUAL RIGHTS CENTER, et al.                          )
                                                    )
                        Plaintiffs,                 )
            v.                                       )          Civil Action No. 07-0221 (RMC)
                                                    )
DISTRICT OF COLUMBIA                                 )
                                                    )
                        Defendant                   )
_____)

**DEFENDANT'S SUPPLEMENTAL PLEADING PURSUANT TO**
**COURT ORDER ISSUED ON APRIL 2, 2007**

The Defendant, through undersigned counsel, files this Supplemental Pleading pursuant to this Court's Order dated April 2, 2007 to provide a counterstatement of the case and applicable defenses.

The government of the District of Columbia ("the District") fully recognizes the importance of providing equal access to persons with disabilities as envisioned by the Americans with Disabilities Act (ADA).  The District's actions manifest a continuing resolve to promote equal access as evidenced in the examples set forth below.  For these reasons, the District believes that injunctive relief, as requested by the plaintiffs, would be inappropriate.

The District has evaluated at least 36 of its buildings at a cost of about $562,000, and remediated accessibility issues in various public buildings.

Design and renovations for ADA compliance has included signage to be placed at various facilities.  The signage construction for at least 28 buildings has been or is in the process of being procured at an estimated cost of $760,000.00.

1

As recently as May 23, 2006, Mayor's Order 2006-58 designated the District's Office of Risk Management (ORM) to coordinate the ADA compliance program in the District and assigned related responsibilities to other District government agencies. A compliance officer has been appointed to oversee these efforts.

The District's Office of Disability Rights (ODR) recently received Congressional approval to begin coordinating all of the District's disability related projects pursuant to the Disability Rights Protection Act (DPRA). The Office will provide ongoing training and technical assistance to District-agency ADA coordinators and personnel; provide public information and outreach assistance and referrals to individuals who have questions about disability rights or are experiencing obstacles to receiving services; investigate violations of the ADA and other laws; and evaluate District compliance with the ADA, among other duties.

The Plaintiffs are confused about the ingress and egress to the Wilson Building, which promoted misunderstanding between the parties. The Wilson Building is a historical structure, which is difficult to retrofit. Nevertheless, the District has made one entrance fully ADA compliant by the installation of electronic doors and private elevator. This entrance is the main entrance on "D" Street, which is open and operational 24 hours per day.

The confusion about the Wilson Building ingress and egress occurs because there is also an employee entrance marked for disability access for disabled employees. This entrance requires a card entry or a security guard to open the door from the inside. This is not a public entrance for security reasons. This entrance is also used by councilmembers entering from Pennsylvania Avenue, and was the scene of a historic shootout. Signage is being prepared to alleviate the confusion for the public, who may need ADA-compliant entry, so that these persons know to use the appropriate entryway.

Defendants are reviewing the plaintiffs' claims about the heavy doors.    To the extent that these doors are able to be replaced or retrofitted, they will be.  Defendants will seek clarification from plaintiffs with respect to the number and type of doors referenced in the complaint so that a full inquiry may ensue.

Defendant argues, as a matter of law, that all provisions of the ADA Accessibility Guidelines (ADAAG) referenced for legal support of plaintiffs' claims are not enforceable, as alleged by plaintiffs.  As background, the ADA requires the establishment of design criteria for the construction and alteration of facilities covered by the law. These requirements, which were developed by the Access Board, are known as the ADA Accessibility Guidelines (ADAAG). ADAAG serves as the basis for standards used to enforce the design requirements of the ADA. These standards are maintained by the U.S. Department of Justice (DOJ) and the U.S. Department of Transportation (DOT). As originally published in July 1991, ADAAG addressed places of public accommodation and commercial facilities in the private sector. As Plaintiffs admit, however, the Wilson Building was renovated in 1991.  Complaint ¶ 10.  At issue for this Court's legal review is whether the ADAAG provisions relevant to this cause of action were in effect prior to the time the Wilson Building or other District buildings was renovated in order to determine applicability of the guidelines, among other issues.

ADAAG includes supplements issued by the Access Board that cover:

- state and local government facilities
- building elements designed for children's use
- play areas
- recreation facilities

3

These four supplements add new specifications to the guidelines and also revise existing provisions; however, they have not yet been incorporated into the DOJ and DOT standards and thus are not enforceable at this time to the extent relevant to plaintiffs causes of action.

The District has developed emergency evacuation plans for buildings which are reviewed periodically by several departments charged with emergency preparedness.  The District will continue to review these evacuation plans and amend, as necessary, to include amendments to the ADA and exigencies that will enhance public service to the community.

In summary, the District denies plaintiffs' characterization that Defendant's policies or practices constitute a limitation or refusal to provide facilities, services, programs, or benefits of the District of Columbia to qualified persons with disabilities, and avers that the District is engaged in ADA compliance activities; that some renovations performed before passage of ADAAG guidelines do not require retrofit, as a matter of law; and, the District is reviewing the emergency evacuation polices and practices that it has developed on an ongoing basis.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division


/s/ Ellen A. Efros
ELLEN A. EFROS
Chief, Equity I

/s/ Denise J. Baker
DENISE J. BAKER
Assistant Attorney General
441 Fourth Street, N.W., Suite 6S079
Washington, D.C. 20001
(202) 442-9887 (telephone)
(202) 727-3625 (fax)

5